# EXHIBIT A

FILED: QUEENS COUNTY CLERK 03/15/2021 02:25 PM
NYSCEF DOC. NO. 1
INDEX NO. 705905/2021
RECEIVED NYSCEF: 03/15/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
YVONNE VITALIANO and SALVATORE VITALIANO,

                                Plaintiffs,

       -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC,

                                Defendant.
-------------------------------------------------------------X

Index No.:

**S U M M O N S**

**PLAINTIFF DESIGNATES QUEENS COUNTY AS PLACE OF TRIAL**
**BASIS OF VENUE IS LOCATION OF INCIDENT and RESIDENCE OF PARTY**

YOU ARE HEREBY SUMMONED to answer the Complaint in this action by serving your answer on plaintiffs' attorneys within 20 days after service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer or appear, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:      Mineola, New York
                 March 15, 2021

                                                    **DEFENDANT'S ADDRESS:**

                                                      THE STOP & SHOP SUPERMARKET COMPANY LLC
                                                      c/o Secretary of State

The Law Offices Of
**KENNETH J. READY & ASSOCIATES**

**BY: GREGORY S. GENNARELLI**
Attorneys for Plaintiff
1565 Franklin Avenue
Mineola, N.Y. 11501
516-741-6800

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X
YVONNE VITALIANO and SALVATORE VITALIANO,

               Plaintiff,

-against-

THE STOP & SHOP SUPERMARKET COMPANY
LLC,

               Defendant.
------------------------------------------------------------X

Index No.:

**COMPLAINT**

Plaintiff, YVONNE VITALIANO, through her attorneys, **KENNETH J. READY & ASSOCIATES**, complaining of defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, sets forth and alleges as follows:

1. At all times hereinafter mentioned, plaintiff, YVONNE VITALIANO, was a resident of the State of New York, County of Queens.

2. At all times hereinafter mentioned, plaintiff, SALVATORE VITALIANO, was a resident of the State of New York, County of Queens.

3. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was a foreign limited liability company authorized to do business, and doing business, in the State of New York.

4. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, owned the store located at 3106 Farrington Street, Flushing, New York.

5. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was the lessor of the property located at 3106 Farrington Street, Flushing, New York.

6. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, was the lessee of the property located at 3106 Farrington Street, Flushing, New York.

7. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, maintained the store located at 3106 Farrington Street, Flushing, New York.

8. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, managed the store located at 3106 Farrington Street, Flushing, New York.

9. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, repaired the store located at 3106 Farrington Street, Flushing, New York.

10. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, controlled the store located at 3106 Farrington Street, Flushing, New York.

11. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, operated the store located at 3106 Farrington Street, Flushing, New York.

12. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, supervised the store located at 3106 Farrington Street, Flushing, New York.

13. On or about October 13, 2020, plaintiff, YVONNE VITALIANO, was lawfully at the store located at 3106 Farrington Street, Flushing, New York.

14. On or about October 13, 2020, the store located at 3106 Farrington Street, Flushing, New York was in a dangerous, defective, hazardous and unsafe condition.

15. On or about October 13, 2020, the store located at 3106 Farrington Street, Flushing, New York was in a dangerous, defective, hazardous and unsafe condition due to the negligence, recklessness, carelessness and culpability of defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, and it agents, servants and/or employees.

16. On or about October 13, 2020, plaintiff, YVONNE VITALIANO, was caused to fall at the store located at 3106 Farrington Street, Flushing, New York.

17. On or about October 13, 2020, plaintiff, YVONNE VITALIANO, was caused to fall at the store located at 3106 Farrington Street, Flushing, New York due to the negligence, recklessness, carelessness and culpability of defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC.

18. On or about October 13, 2020, plaintiff, YVONNE VITALIANO, was caused to sustain serious bodily at the store located at 3106 Farrington Street, Flushing, New York.

19. On or about October 13, 2020, plaintiff, YVONNE VITALIANO, was caused to sustain serious bodily at the store located at 3106 Farrington Street, Flushing, New York due the negligence, recklessness, carelessness and culpability of defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC and its agents, servants and/or employees.

20. By virtue of the foregoing, plaintiff, YVONNE VITALIANO, has been damaged in an amount which exceeds the monetary limits of all courts having jurisdiction save the Supreme Court of the State of New York.

## As And For A Second Cause Of Action

21. Plaintiff, YVONNE VITALIANO, repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs as though fully set forth below.

22. At all times hereinafter mentioned, THE STOP & SHOP SUPERMARKET COMPANY LLC store located at 3106 Farrington Street, Flushing, New York was a mercantile establishment.

23. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, LP, was responsible to equip the store located at 3106 Farrington Street, Flushing, New York so as to provide reasonable protection to the lives, health and safety of all persons frequenting said premises.

24. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, LP, was responsible to maintain the store located at 3106 Farrington Street, Flushing, New York so as to provide

reasonable protection to the lives, health and safety of all persons frequenting said premises.

25. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, LP, was responsible to maintain the store located at 3106 Farrington Street, Flushing, New York so as to provide reasonable protection to the lives, health and safety of all persons frequenting said premises.

26. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, LP, was required at all times to keep the store located at 3106 Farrington Street, Flushing, New York in safe condition.

27. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, LP, was required at all times to keep the floors of the store located at 3106 Farrington Street, Flushing, New York in safe condition.

28. At all times hereinafter mentioned, the store located at 3106 Farrington Street, Flushing, New York was not equipped so as to provide reasonable protection to the lives, health and safety of all persons frequenting said premises.

29. At all times hereinafter mentioned, the store located at 3106 Farrington Street, Flushing, New York was not maintained so as to provide reasonable protection to the lives, health and safety of all persons frequenting said premises.

30. At all times hereinafter mentioned, the store located at 3106 Farrington Street, Flushing, New York was not kept in safe condition.

31. At all times hereinafter mentioned, the floors of the store located at 3106 Farrington Street, Flushing, New York were not kept in safe condition.

32. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, LP, failed adequately and properly to maintain and equip the store located at 3106 Farrington Street, Flushing, New York, so as to provide a reasonable protection to the lives, health and safety of all persons frequenting said premises.

33. At all times hereinafter mentioned, defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, LP, violated the New York Labor Law in the ownership and operation of the store located at 3106 Farrington Street, Flushing, New York.

34. On or about October 13, 2020, the failure to comply with the New York Labor Law and related promulgations was a proximate cause of plaintiff, YVONNE VITALIANO, sustaining injury.

35. By virtue of the foregoing, plaintiff, YVONNE VITALIANO, has been damaged in an amount which exceeds the monetary limits of all courts having jurisdiction save the Supreme Court of the State of New York.

### As And For A Third Cause Of Action

36. Plaintiffs repeat, reiterate and re-allege each and every allegation contained within paragraphs "1" - "35" of this Complaint with the same force and effect as if herein more fully at length set forth.

37. Plaintiff SALVATORE VITALIANO is the lawfully wedded husband of plaintiff YVONNE VITALIANO, and as such, has lived and cohabited together for some time prior to the inception of this action.

38. That since the acts complained of herein have occurred, plaintiff SALVATORE VITALIANO has been deprived, to some extent, of the services of his wife as a result of the collision set forth above.

39. That prior to the occurrence herein, plaintiff, YVONNE VITALIANO was the dutiful and loving spouse of the plaintiff SALVATORE VITALIANO and helped keep the home, raise the couples' children and provided certain services to his spouse.

40. That since the acts complained of herein occurred, plaintiff SALVATORE VITALIANO 's wife, YVONNE VITALIANO, became sick, sore, lame and disabled and will be so sick, sore, lame and disabled for some time to come; he was confined to hospital, bed and plaintiffs' home; plaintiff SALVATORE VITALIANO was obliged to and necessarily did engage and procure medical aid and attention in an endeavor to cure his said wife of her hurts and wounds and did necessarily pay and become liable therefore; that by reason of the said injuries plaintiff's said wife has been and will be unable to attend to her usual affairs and duties and plaintiff, SALVATORE VITALIANO has lost and will lose diverse sums of money thereby and said plaintiff has been otherwise damaged in an amount in excess of the jurisdictional limits of all lower Courts.

WHEREFORE, plaintiffs YVONNE VITALIANO and SALVATORE VITALIANO demand judgment against defendant, THE STOP & SHOP SUPERMARKET COMPANY LLC, LP, as follows: in the First Cause of Action, in an amount in excess of the jurisdictional limits of all lower courts; in the Second Cause of Action, in an amount in excess of the jurisdictional limits of all lower courts; in the Third Cause of Action, in an amount in excess of the jurisdictional limits of all lower courts; together with interest, costs and disbursements of this action.

Dated:    Mineola, New York
          March 15, 2021

                                         Yours, etc.
                                         **KENNETH J. READY & ASSOCIATES**

                                         By: Gregory S. Gennarelli, Esq.
                                         Attorneys for the Plaintiff
                                         1565 Franklin Avenue
                                         Mineola, New York  11501
                                         (516) 741-6800

## VERIFICATION

GREGORY S. GENNARELLI, an attorney duly admitted to practice law before the courts of the State of New York, hereby affirms the truth of the following under the penalties of perjury:

Affirmant is counsel to the plaintiff, in the within action.

Affirmant has read the foregoing SUMMONS and COMPLAINT and knows the contents thereof.

The same is true of Affirmant's own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, Affirmant believes them to be true.

This verification is made by Affirmant and not by the Plaintiff as Plaintiff does not reside within Nassau County, the county where Affirmant's office is located.

The grounds of Affirmant's belief as to all matters not stated upon Affirmant's knowledge are as follows: records, reports, documents, papers, conversations with client(s) concerning the within matter, etc.

Dated: Mineola, New York
March 15, 2021

_____
GREGORY S. GENNARELLI